FILED

05/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 06-0628

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## AF 06-0628

_____

IN RE THE PROPOSED AMENDMENTS
TO THE MONTANA RULES FOR                    O R D E R
LAWYER DISCIPLINARY ENFORCEMENT

_____

The members of the Commission on Practice have submitted proposed amendments to the Montana Rules for Lawyer Disciplinary Enforcement to the Court for its consideration. After consideration of the proposed amendments, the Court has determined that the bench and bar of the State of Montana should be provided an opportunity to comment thereon.

The proposed amendments to the Rules are attached to this Order. Language proposed to be stricken from the Rules is interlineated, and language proposed to be added is underlined.

IT IS THEREFORE ORDERED that all members of the bench and bar of Montana and any other interested persons are granted 60 days from the date of this Order in which to file with the Clerk of this Court appropriate comments and/or suggestions to the attached Proposed Revisions to the Montana Rules for Lawyer Disciplinary Enforcement.

IT IS FURTHER ORDERED that the Proposed Revisions to the Montana Rules for Lawyer Disciplinary Enforcement in their entirety shall be posted on the websites of the Montana State Law Library and the State Bar of Montana. The State Bar of Montana is further requested to give notice of this Order and of its website posting of the Proposed Revisions in the next available issue of _The Montana Lawyer._

IT IS FURTHER ORDERED that the Clerk of this Court shall post this Order with attached proposed amendments on the Court's website and shall provide copies of such to

the State Bar of Montana, and shall provide to each District Court Judge and each Clerk of the District Court a copy of this Order with attached proposed amendments with a request that each Clerk of the District Court make the Order available for public review in the Office of the Clerk of the District Court.

DATED this 26th day of May, 2020.

For the Court,

/S/ MIKE McGRATH

## I. STRUCTURE AND SCOPE

## RULE 1 - Comprehensive Lawyer Regulation System

The Court hereby establishes a comprehensive lawyer discipline and disability system, consisting of an Office of Disciplinary Counsel and a Commission on Practice. The Office of Disciplinary Counsel shall perform central intake functions and shall process, investigate, and prosecute those grievances complaints against lawyers which are within the disciplinary jurisdiction of the Court. The Commission on Practice, which shall be divided into Review and Adjudicatory Panels, shall approve the filing of formal Complaints by the Office of Disciplinary Counsel, shall hear and decide cComplaints and, in appropriate cases, shall make recommendations to the Court for discipline. Prosecutorial and adjudicatory functions shall be separated and managed to secure responsiveness, efficiency, and fairness.

## RULE 2 - The Commission on Practice of the Supreme Court of the State of Montana; Appointment; Composition; Officers; Elections; Powers and Duties; Quorum; Meetings

**A. Appointment.** The Court shall appoint a fourteen-member commission to be known as "The Commission on Practice of the Supreme Court of the State of Montana," hereinafter referred to as the "Commission," which shall consist of nine practicing lawyers, who shall be residents of the State of Montana and licensed and admitted to practice in the state of Montana, and five nonlawyers. One of said lawyers shall be appointed from each of the areas hereinafter defined. One lawyer member shall be at large and may be appointed from any area set forth below. The nonlawyer members of the Commission shall be appointed at large, but they shall be residents of the state of Montana. The term of office of all members of the Commission shall be four years. The persons serving on the Commission on the effective date of these Rules shall continue to serve on the Commission for the remainder of the terms for which they were appointed, unless their membership on the Commission is terminated as hereinafter provided.

The areas from which the lawyer members of the Commission shall be appointed shall be comprised of the various judicial districts of the state of Montana, and are to be designated as follows:

Area A shall comprise the Eleventh and Nineteenth Judicial Districts.
Area B shall comprise the Fourth, Twentieth and Twenty-First Judicial Districts.
Area C shall comprise the Second, Third, and Fifth Judicial Districts.
Area D shall comprise the Eighth and Ninth Judicial Districts.
Area E shall comprise the Seventh, Tenth, Twelfth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Judicial Districts.
Area F shall comprise the First Judicial District.
Area G shall comprise the Sixth and Eighteenth Judicial Districts.
Area H shall comprise the Thirteenth and Twenty-Second Judicial Districts.

Except for the at-large lawyer member, appointments to the Commission of the lawyer members shall be made by the Supreme Court from a list of three practicing lawyers in each Area having the three highest number of votes in an election by the Area members of the State

Bar of Montana. The time, place, and method of such election shall be in accordance with the orders of this Court. In the event that said election is not held in any Area as ordered, the Supreme Court shall appoint a member from that Area to serve on the Commission.

The nonlawyer members and the at-large lawyer member of the Commission shall not be subject to the election procedure, but shall be appointed by the Court.

In the event of a vacancy in the Commission, a successor shall be appointed by the Supreme Court for the unexpired term of the member whose office is vacated. Members of the Commission may terminate their membership at their pleasure, and their membership may be terminated by the Court at its pleasure.

**B. Election of Officers.** The members of the Commission shall annually elect a chairperson, a vice chairperson and an executive secretary.  The chairperson and vice chairperson must be lawyer members of the Commission.  ~~The members of the Commission shall annually elect lawyer members as chairperson, vice chairperson, and executive secretary.~~ The chairperson, and in the absence of the chairperson, the vice chairperson, shall preside at meetings of the Commission except that in the conduct of disciplinary hearings the chairperson may appoint another lawyer member of the Commission to act as presiding officer.  A presiding officer shall have all of the powers of the chairperson in any case in which he or she has been appointed.

**C. Quorum.** Eight members of the Commission shall constitute a quorum when the Commission is acting as a whole. The act of a majority of the members present at a meeting at which a quorum is present shall be the act of the Commission.

**D. Meetings.**  Members of the Commission shall meet at times and places designated by the chairperson or, in the absence of the chairperson, by the vice chairperson, who shall determine the agenda for the meetings.  Except in cases of emergency, notice of Commission meetings shall be given as provided by law or by these Rules at least seven calendar days in advance of the meeting.  Notice may be delivered electronically or by mail.  In cases of emergency requiring, in the judgment of the person calling the meeting a shorter time, reasonable notice appropriate under the circumstances should be given.  In addition, the Supreme Court may call a meeting of the members to be held at a time and place ordered by the Court.  Notice of such meeting shall be given as above provided.  The minutes of any meeting of the Commission shall state the form and time of notice of meeting given to the members.
~~Members of the Commission shall meet at times and places designated by the chairperson or, in the absence of the chairperson, by the vice chairperson, who shall determine the agenda for the meetings. Notice of any such meeting shall be given by mail or by telephone not less than seven calendar days in advance of the time for such meeting, except in cases of emergency or urgency requiring, in the judgment of the person calling the meeting, a shorter time of notice.  Also, the Supreme Court may call a meeting of the members to be held at a time and place ordered by the Court.  Notice of such meeting shall be given as above provided. The minutes of any meeting of the Commission shall state the form and time of notice of meeting given to the members.~~

**E.  Executive Committee.** The chairperson, vice chairperson, and executive secretary of the Commission shall constitute the executive committee. The principal function of the executive

committee shall be to attend to administrative matters during the interval between meetings of the Commission. The executive committee shall have such other duties and authority as the Commission shall determine from time to time.

**F. Compensation and Expenses.** Members of the Commission shall receive no compensation for their services, but may be reimbursed for travel and other expenses incidental to the performance of their duties.

**G. Powers and Duties of the Commission.** The Commission shall exercise the following powers and duties:

(1) Adopt rules or policies providing for the time and place of meetings, and such other procedural rules not in conflict with these rules, as may be necessary to expedite the conduct of its business;

(2) Periodically review the operation of the lawyer disciplinary system with the Supreme Court;

(3) Establish Review Panels pursuant to Rule 3;

(4) Establish Adjudicatory Panels pursuant to Rule 4;

(5) Appoint and sSupervise any Commission staff;

(6) Assure that a Review Panel member who sits on a particular case does not also sit on an Adjudicatory Panel for that case;

(7) Maintain all permanent records of disciplinary matters and proceedings; and

(8) Exercise such other authority and perform such other duties as are provided in these Rules, or that may be required in order to carry out the provisions of these Rules. ; and

(9) Operate subject to budgetary limitations imposed by the Court.

**RULE 3 - REVIEW PANELS: Composition; Powers & Duties; Quorum**

**A. Composition.** The Chairperson of the Commission shall appoint one or more Review Panels of five members each, at least two of whom shall be nonlawyers; shall designate a Chairperson for each Review Panel; and shall realign the membership of Review Panels from time to time.

**B. Powers and Duties.** A Review Panel shall:

(1) Review Disciplinary Counsel's request to file a formal cComplaint, together with the grievance complaint, the response from the lawyer against whom the grievance complaint was made and any reply from the grievant complainant together with other relevant documents and Disciplinary Counsel's intake summary, investigative report, and recommendations;

(2) Refer the grievance complaint to Disciplinary Counsel for any further investigation, if needed to determine whether a formal cComplaint is appropriate;

(3) Approve Disciplinary Counsel's request to file a formal cComplaint when the facts appear to warrant disciplinary action or transfer to disability/inactive status or reject the request to file a formal cComplaint if discipline does not appear to be warranted;

(4) Hear requests by Disciplinary Counsel for private admonitions and render the same upon approval;

3

(5)  Hear and determine requests for review pursuant to Rule 10C(3) and for reconsideration pursuant to Rule 14;

(56) Authorize the stay of disciplinary proceedings for good cause shown pursuant to Rule 28;

(67) Conduct show cause hearings when a lawyer has refused to respond to inquiries from the Office of Disciplinary Counsel or the Commission; and

(78) Notify parties of action by a Review Panel the Office of Disciplinary Counsel and the responding lawyer or his or her counsel of action by a Review Panel and the reasons for any denial of the request to approve the filing of a Complaint.

**C. Review Panel file review and deliberation.**  The consideration of a request by the Office of Disciplinary Counsel for a private admonition or to review investigative materials and file a Complaint shall be made by a Review Panel. The Office of Disciplinary Counsel shall attend the file review for the purpose of responding to Panel members regarding its investigation and a request to approve a private admonition or to file a Complaint. Neither the Office of Disciplinary Counsel, the referenced attorney, nor his or her counsel shall be entitled to participate in or attend the Review Panel's deliberations, which are confidential.

**D**. Quorum. Three members of a Review Panel, at least two of whom are lawyers, shall constitute a quorum; however, any act of athe Review Panel shall require the vote of a majority of the members present three members.

**RULE 4 - ADJUDICATORY PANELS: Composition; Powers & Duties; Quorum**

**A. Composition.** The Chairperson of the Commission shall appoint one or more Adjudicatory Panels of nine members each, at least three of whom shall be nonlawyers; shall designate a Chairperson for each Adjudicatory Panel; and shall realign the membership of Adjudicatory Panels from time to time.

**B. Powers and Duties.** Adjudicatory Panels shall, in accordance with the specific procedures and provisions of these Rules:

(1) Hold hearings on formal cComplaints and cComplaints for interim suspension filed by Disciplinary Counsel;

(2) After hearing, dismiss the Complaint, order discipline that may be imposed by the Commission under these Rules, or make findings of fact, conclusions of law, and recommendations to the Montana Supreme Court for discipline or other disposition of formal complaints; when indicated by these Rules, or engage in for discipline or other disposition of cComplaints;

(3) Hear and determine preliminary and procedural matters incidental to the exercise of its powers and duties;

(4) Administer public admonitions and issue letters of caution;

(5) Hear and determine requests for reconsideration pursuant to Rule 14;

(6) Administer oaths, provide for discovery, and exercise its subpoena power pursuant to Rule 19;

(7) Authorize the stay of a disciplinary proceeding for good cause shown pursuant to Rule 28;

(8) Hold show cause hearings when a lawyer has refused to respond or cooperate with the Office of Disciplinary Counsel, a Review Panel, or an Adjudicatory Panel pursuant to Rule 24;

(9) Conduct proceedings relative to disability and transfer to inactive status pursuant to Rule 28;

4

(10) Hold hearings on petitions for reinstatement and make recommendations for their disposition to the Supreme Court pursuant to Rule 29; and

(11) Hold hearings and make recommendations to the Court concerning assessment of the costs of proceedings, investigations, and audits pursuant to Rule 9. ; and; and

(12) Approve Disciplinary Counsel's request to file a formal complaint when the facts appear to warrant disciplinary action or transfer to disability/inactive status.

**C. Quorum.** Five members of an Adjudicatory Panel, at least three of whom are lawyers, shall constitute a quorum; however, any act of anthe Adjudicatory Panel shall require the vote of a majority of the members present three members.

## RULE 5 - OFFICE OF DISCIPLINARY COUNSEL

**A. Appointment.** The Court shall appoint a lawyer to serve as Chief Disciplinary Counsel and may appoint such Deputy Disciplinary Counsels as they it theydeems necessary. Disciplinary Counsel shall not engage in private practice; shall be admitted to practice in Montana at the time of appointment or within a reasonable time thereafter as determined by the Court; and shall maintain offices in Helena, Montana, in facilities designated by the Court.

**B. Powers and Duties.** Disciplinary Counsel shall perform all prosecutorial functions and shall have the following powers and duties:

(1) Supervise Office of Disciplinary Counsel (Office) staff in performing central intake functions;

(2) Evaluate all information coming to the attention of the Office to determine whether it is within the disciplinary jurisdiction of the Court;

(3) Investigate all information coming to the attention of the Office which, if true, would be grounds for discipline or transfer to disability/inactive status;

(4) Investigate all facts pertaining to petitions for reinstatement or readmission;

(5) Dismiss a grievance complaint that Disciplinary Counsel determines does not warrant disciplinary action;

(6) In addition to dismissing the grievance complaint, Disciplinary Counsel may issue a letter of caution or take other corrective action when Disciplinary Counsel deems it appropriate;

(7) Request leave a Review Panel to approve a private admonition or for leave to file a formal cComplaint when Disciplinary Counsel determines that disciplinary action by the Commission or the Montana Supreme Court is warranted;

(8) Prosecute before Review Panels,Adjudicatory Panels, and the Court, discipline, interim suspension, reinstatement, and readmission proceedings, and proceedings for transfer to or from disability/inactive status;

(9) Employ and supervise Office staff needed for the performance of prosecutorial functions and, when circumstances necessitate their use, appoint and supervise special investigators and volunteer special counsel;

(10) Notify promptly the grievant complainant and the lawyer that an investigation is to be initiated by Disciplinary Counsel, or, where Disciplinary Counsel dismisses, provide a concise written statement of the facts and reasons a matter has been dismissed;

(11) Develop written guidelines for determining which matters fail to allege facts that would constitute grounds for disciplinary action;

(12) Request the Clerk of the Supreme Court to notify each jurisdiction in which a lawyer is admitted of a transfer to or from disability/inactive status, reinstatement, readmission, or any public discipline imposed in this state;

(13) Whenever costs have been assessed against a lawyer by the Supreme Court, assemble and serve on the lawyer an itemized list of the costs of proceedings, investigations, and audits;

(14) Seek reciprocal discipline when informed of any public discipline imposed in any other jurisdiction;

(15) Forward a certified copy of the judgment of conviction to the disciplinary office in each jurisdiction in which a lawyer is admitted when the lawyer is convicted of a serious crime (as hereinafter defined) in this state;

(16) Maintain permanent records of discipline and disability matters and compile statistics to aid in the administration of the system;

(17) Prepare an annual budget for the Office and submit it to the Board of Trustees of the State Bar of Montana for review;

(18) Make reasonable and necessary expenditures pursuant to the reviewed budget to perform the duties of the Office;

(19) Supervise and direct Office staff and operations;

(20) Prepare and submit to the Court recommendations concerning the annual assessment of Bar members; and

(21) Make recommendations to the Court about the lawyer regulation system.

**C. Prohibited Activities.** Disciplinary Counsel shall not have authority to render advisory ethics opinions, either orally or in writing, or to impose any form of discipline on a lawyer.

### RULE 6 - Costs and Expenses; Fiscal Reviews and Audits

**A. Office of Disciplinary Counsel.** The costs and expenses of the Office of Disciplinary Counsel shall be paid from an annual assessment of active members of the State Bar of Montana and of nonmembers admitted to practice under the Montana State Bar pro hac vice rules. The Supreme Court shall determine the amount of the annual member assessment.

**B. Commission on Practice.** The costs and expenses of the Commission shall be paid from legislatively-appropriated public funds.

**C. Fiscal Reviews and Audits.** The Court may direct fiscal reviews and audits of the components of the lawyer regulation system.

### RULE 7 - Jurisdiction

**A. Members of the State Bar of Montana.** ~~Any lawyer who is a member of the State Bar of Montana is subject to the disciplinary jurisdiction of the Supreme Court of Montana, regardless of where the lawyer's conduct occurs~~. Any lawyer admitted to practice law in this jurisdiction, including any formerly admitted lawyer with respect to acts committed prior to resignation, suspension, disbarment, or transfer to inactive status, or with respect to acts subsequent thereto which amount to the practice of law or constitute a violation of these Rules or of the Montana

6

Rules of Professional Conduct, any lawyer specially admitted by a court of this jurisdiction for a particular proceeding, and any lawyer not admitted in this jurisdiction who practices law or renders or offers to render any legal services in this jurisdiction, is subject to the disciplinary jurisdiction of the Montana Supreme Court and the Commission on Practice.

**B. Other Attorneys.** Any lawyer specially admitted by a Montana court for a particular proceeding, appearing by pleading or otherwise in any judicial or administrative proceeding in Montana, or otherwise engaging in the practice of law in Montana, is subject to the disciplinary jurisdiction of the
Supreme Court of Montana, for conduct pertaining to his or her practice of law in Montana.

**C. Disciplined and Resigned Attorneys.** If a lawyer is suspended, disbarred or resigns as a member of the State Bar of Montana, or the lawyer's special admission or appearance in any judicial proceeding in Montana has terminated, the lawyer remains subject to disciplinary proceedings for conduct occurring prior to the effective date of the suspension, disbarment, resignation or termination.

**D. Grounds Cumulative.** The grounds for disciplinary jurisdiction enumerated herein are in addition to those set forth in Rule 8.5, Montana Rules of Professional Conduct.

**RULE 8 - Grounds for Discipline**

**A. Reasons for Discipline.** Discipline may be imposed for any of the following reasons:

(1) Acts or omissions by a lawyer, individually or in concert with any other person or persons, which violate the Rules of Professional Conduct or the disciplinary rules adopted from time to time by the Supreme Court.

(2) Any act committed by an attorney contrary to the highest standards of honesty, justice, or morality, including but not limited to those outlined in Title 37, chapter 61, parts 3 and 4, MCA, whether committed in such attorney's capacity as an attorney or otherwise.

(3) Conduct which results in conviction of a criminal offense.

(4) Conduct which results in lawyer discipline in another jurisdiction.

(5) Violation of the terms of any discipline or disciplinary order.

(6) Failure to promptly and fully respond to an inquiry from Disciplinary Counsel, an investigator, or the Commission, or failure to justify such refusal or nonresponse.

(7) Willful contempt of court or of the Commission and failure to purge the contempt.

**B. Relationship to Criminal Proceedings.** Acquittal of a charge of crime, plea bargain, conviction of a lesser crime, or dismissal of a charge of crime after deferred imposition of sentence shall not constitute a bar to lawyer discipline for that act, nor shall conviction in a criminal proceeding
be a condition precedent to the institution of disciplinary proceedings for that act.

**RULE 9 - Discipline and Sanctions**

**A. Forms of Discipline.**  Discipline may take one or more of the following forms:

(1) Disbarment. "Disbarment" means the unconditional termination of any privilege to practice law in this State and, when applied to any attorney not admitted to practice law in this State, means the unconditional exclusion from the admission to or the exercise of any privilege to practice law in this State.

(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term. "Suspension" means the temporary or indefinite termination of the privilege to practice law in this State and, when applied to any attorney not admitted to practice law in this State, means the temporary or indefinite exclusion from the admission to or the exercise of any privilege to practice law in this State.

(3) Public censure. Public censure declares the conduct of the lawyer improper but does not limit the lawyer's right to practice.

(4) Private admonition or a letter of caution. A private admonition by a Review Panel and a letter of caution are non-public forms of discipline. They should be imposed only in cases of minor misconduct or a technical violation of the Montana Rules of Professional Conduct when there is little or no injury to the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer. A private admonition and a letter of caution are instructive, to inform the lawyer that his or her conduct is unethical but does not unnecessarily stigmatize a lawyer from whom the public needs no protection. Private admonitions given orally are not recorded and, if given in writing, are not retained in the Commission's files. A private admonition and a letter of caution do not limit the lawyer's right to practice.

(5) Public Admonition. administered by an Adjudicatory Panel of the Commission. An admonition by an Adjudicatory Panel is a public reprimand that declares the conduct of the lawyer to be in violation of the Montana Rules of Professional Conduct. Admonitions may be delivered orally by the Commission or in writing. Oral public admonitions are not recorded and no record is made of the content of a written public admonition. The fact a public admonition was delivered is a part of an attorney's disciplinary record.

(6) Probation. Probation allows a lawyer to practice under specified conditions and can be imposed alone or in conjunction with an admonition or a suspension or as a condition of readmission. A lawyer against whom disciplinary proceedings are pending may be placed on probation by the Supreme Court or, with the lawyer's concurrence, by an Adjudicatory Panel. The probation shall be for such time and upon such terms and conditions as are determined appropriate in the case. Discipline may be imposed for violation of any of the terms and conditions of such probation, including failure to satisfy completion of a diversion, mentoring, or treatment program.

(6) Requirement of restitution to persons financially injured.

(7) Reimbursement to the Lawyers' Fund for Client Protection.

(8) Assessment of the cost of proceedings, investigations, and audits. Whenever costs of proceedings are assessed by the Supreme Court as part of the discipline imposed upon a lawyer, the Disciplinary Counsel shall assemble and serve upon the lawyer an itemized list of those costs. The lawyer shall then have ten days thereafter in which to file written objections with the Commission on Practice and, if so desired, request a hearing before an Adjudicatory Panel on whether the amount of such costs is reasonable and necessary. An Adjudicatory Panel shall thereafter recommend an amount of costs to be imposed, and shall file its recommendation with the Supreme Court, which shall then issue an appropriate order assessing costs.

(7) Interim suspension pending final determination of discipline.

8

**B. Discipline Criteria.** The following factors shall be considered in determining discipline to be recommended or imposed:

      (1) The gravity and nature of the duty violated, including whether the duty is owed to a client, to the public, to the legal system, or to the profession;

      (2) The lawyer's mental state;

      (3) The actual or potential injury caused by the lawyer's misconduct;

      (4) The existence of aggravating or mitigating factors; and

      (5) The existence of prior offenses.

Aggravating factors include but are not limited to:

(a) dishonest or selfish motive;
(b) a pattern of misconduct;
(c) multiple offenses;
(d) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(e) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(f) refusal to acknowledge wrongful nature of conduct;
(g) vulnerability of victim;
(h) substantial experience in the practice of law;
(i) indifference to making restitution; and
(j) illegal conduct, including that involving the use of controlled substances.

Mitigating factors include but are not limited to:

(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure to the ODC or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical or mental disability or impairment;
(i) interim rehabilitation;
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse;
(m) remoteness of prior offenses.

C. **Sanctions.** The following non-exclusive and cumulative sanctions may be imposed in connection with a form of discipline:

(1) Restitution to persons financially injured.
(2) Disgorgement of any fees and costs earned or claimed.
(3) Reimbursement to the Lawyers' Fund for Client Protection.

(4) Assessment of the cost of proceedings, investigations, and audits. Whenever costs of proceedings are assessed by the Supreme Court or the Commission as part of the discipline imposed upon a lawyer, the Disciplinary Counsel shall assemble and serve upon the lawyer an itemized list of those costs. The lawyer shall then have ten days thereafter in which to file written objections with the Commission on Practice and, if so desired, request a hearing before an Adjudicatory Panel on whether the amount of such costs is reasonable and necessary. An Adjudicatory Panel shall thereafter recommend an amount of costs to be imposed, and shall file its recommendation with the Supreme Court, which shall then issue an appropriate order assessing costs.

(5) Probation.

(6) Oher requirements the Commission or the Montana Supreme Court deems consistent with the purposes of lawyer sanctions.

C. Probation. A lawyer against whom disciplinary proceedings are pending may be placed on probation by the Supreme Court or, with the lawyer's concurrence, by an Adjudicatory Panel. The probation shall be for such time and upon such terms and conditions as are determined appropriate in the case. Discipline may be imposed for violation of any of the terms and conditions of such probation, including satisfactory completion of a diversion or treatment program.

**D. Procedure for Discipline for Willful Contempt of Court or the Commission and Failure to Purge the Contempt.** Upon receipt of a certified copy of an order of contempt that has become final, the Supreme Court may, in its discretion, issue an order to show cause why the lawyer's license to practice law should not be suspended or other discipline should not be imposed. The lawyer against whom such an order has been entered in district court or by the Commission on Practice shall not have the right or opportunity to re-litigate the merits of the contempt order, the right to hearing and due process having been afforded him or her in the district court or before the Commission.

In the alternative, the Supreme Court may direct an Adjudicatory Panel to issue the order to show cause or direct the lawyer to appear before the Adjudicatory Panel. In that event, the Adjudicatory Panel shall make a written recommendation to the Supreme Court regarding suspension of the lawyer's license or other discipline.

An attorney who has been purged of the contempt order may be reinstated to practice law. Prior to reinstatement, the lawyer shall be required to pay the costs of any proceedings before the Commission on Practice.

## II. PROCEDURE

**RULE 10 - Office of Disciplinary Counsel**

**A. Central Intake and Evaluation.** The Office of Disciplinary Counsel shall perform central intake functions including, but not limited to, the following:

(1) Receive information and grievances complaints regarding lawyer's alleged misconduct;

(2) Make appropriate referrals regarding information and grievances complaints while assuring that any member of the public who wishes to make a grievance complaint against a

lawyer is able to do so;

(3) Provide the grievant complainant access to a packet of written materials containing forms, instructions, and information about Montana's lawyer disciplinary process; and

(4) Receive written grievances complaints on the forms provided.

**B. Preliminary Review and Processing of Grievances Complaints.** The Office of Disciplinary Counsel shall conduct a preliminary review of each written grievance complaint received by the Office and determine whether the grievance complaint involves a matter that is within the disciplinary jurisdiction of the Court.

**C. Investigation.**

(1) All investigations shall be conducted by or under the authority and direction of Disciplinary Counsel. Upon such investigation as Disciplinary Counsel deems appropriate, he or she may:

(a)(1) Send the grievance complaint to the lawyer against whom the grievance complaint is made;

(2) Send the lawyer's response to the grievant complainant and, if appropriate, request his or her reply to the lawyer's response;

(3) Prepare an intake summary; and

(4) Conduct an investigation and prepare an investigative report; or

(b) With or without some or all of the process set forth in Rule 10C(1)(a), dismiss the grievance complaint without prejudice, where the grievance complaint does not appear to be within the disciplinary jurisdiction of the Court, or the facts do not appear to warrant disciplinary action.

(c) Issue a letter of caution to a lawyer, request a Review Panel to approve a private admonition or issue a letter of caution, or take other corrective action when Disciplinary Counsel deems it appropriate. Any such action by Disciplinary Counsel is not disciplinary action.

(2) Notice of Disposition. In the event of a dismissal, Disciplinary Counsel shall give written notice to the grievant complainant and to the lawyer of the dismissal, stating the reasons for the action taken, and advising the grievant complainant of the right to request review of the dismissal.

(3) Request for Review. The grievant complainant may file a written request for review of Disciplinary Counsel's dismissal within 30 days of the notice of disposition pursuant to Rule 10C(2). Disciplinary Counsel's dismissal shall be reviewed by a Review Panel upon the record before it. The Review Panel may approve, disapprove, or modify Disciplinary Counsel's disposition.

A lawyer against whom Disciplinary Counsel determines to take corrective action other than a letter of caution may file a written request for review of Disciplinary Counsel's determination within 30 days after Disciplinary Counsel notifies the lawyer of the corrective action. Disciplinary Counsel's determination shall be reviewed by a Review Panel upon the record before the Review Panel. The Review Panel may approve, disapprove, or modify Disciplinary Counsel's determination as to corrective action.

11

**D. Review Panel Proceeding.** Disciplinary Counsel shall:

(1) Request leave of a Review Panel to approve and deliver a private admonition or to file a ~~formal~~ cComplaint; and

(2) Provide additional information to or Cconduct further investigation at the request of a Review Panel.

**E. Adjudicatory Panel Proceeding.** Disciplinary Counsel shall:

(1) Draft and prosecute ~~formal~~ cComplaints and Complaints proposing interim suspension ~~and complaints proposing interim suspension~~before an Adjudicatory Panel, represent the Office of Disciplinary Counsel in appeals from Adjudicatory Panel decisions or recommendations and in other disciplinary matters that come before the Commission, the Montana Supreme Court or other courts;

(2) Recommend discipline or other disposition of a case to an Adjudicatory Panel;

(3) Conduct and respond to ~~any~~ anydiscovery pursuant to Rule 19; and

(4) Investigate a petition for reinstatement and present relevant evidence at an Adjudicatory Panel hearing on the petition.

**RULE 11 - Limitation on Time to Bring ~~Formal~~ Complaint**

**A. Time Limit for filing a ~~Formal~~ Complaint.** Except as otherwise provided in these rules, from the time the alleged misconduct giving rise to the inquiry or grievance ~~complaint~~ is discovered or, with due diligence, should have been discovered, a ~~formal~~ Complaint must be filed within six years from the date of the alleged misconduct.

**B. When Violation Occurs.** A Rule of Professional Conduct is violated when every element of a violation has occurred. But if the violation is a continuing offense, the violation occurs when the offensive conduct ends.

**C. Tolling.** The six-year limit is tolled~~, but in no case may a formal Complaint be filed after 10 years from the date of the misconduct, while~~ during the period:~~, but in no case may a formal Complaint be filed after 10 years from the date of the misconduct, while~~:

(1) The lawyer represents the grievant, the grievant's family member, or the grievant's business or employer;

(2) The grievant is a minor, or is physically or mentally incapacitated;

(3) Civil, criminal, or administrative investigations or proceedings based on the same acts or circumstances as the violation are pending with any governmental agency, court, or tribunal;

(4) The lawyer conceals facts about the violation;

(5) The lawyer fails to cooperate with an investigation of the violation;

(6) The lawyer makes false or misleading statements to the Office of Disciplinary Counsel concerning the violation; or

(7) The disciplinary investigation or proceeding is abated under Rule 28.

**D. Rule of Repose.** Except as provided in subsection 11E, notwithstanding any tolling under subsection 11C, a Complaint may not be filed more than 10 years after the date of the alleged misconduct.

**E. Exceptions.** There shall be no limit on the time to file a ~~formal~~ Complaint for:

(1) Any alleged misconduct based upon a plea of guilty to a felony, with or without a reference to an Alford or a nolo contender plea, or upon conviction of a felony; or

(2) Any alleged misconduct that constitutes a felony, without regard to whether the lawyer is charged, prosecuted, or convicted of a crime for the conduct.

## RULE 12 - Filing, Service, and ~~Formal~~ Case Procedures

**A. Complaint and Citation.** When a Review Panel has granted the Office of Disciplinary Counsel leave to file a ~~formal~~ Complaint against a respondent lawyer:

(1) Disciplinary Counsel shall file a ~~formal~~ Complaint with the Clerk of the Supreme Court and shall furnish a copy to the Commission;

(2) The Complaint shall set forth the charges with sufficient clarity and particularity as to inform the lawyer of the alleged misconduct;

(3) The Complaint shall be signed by Chief Disciplinary Counsel or Deputy Disciplinary Counsel but need not be verified; and

(4) The Clerk of the Supreme Court shall issue a citation that, together with a copy of the Complaint, shall be served on the lawyer. The citation shall require the lawyer to file a written Answer to the Complaint with the Clerk of the Montana Supreme Court within twenty-one days and indicate that a failure to file an Answer within the time prescribed may subject the attorney to be in default as provided by Rule 12C(2).

**B. Service.**

(1) Service of Complaint. Service upon the lawyer of a Complaint ~~in a formal disciplinary proceeding~~ shall be made by personal service as provided in Rule 4, Montana Rules of Civil Procedure, or by registered or certified mail to the last address that the lawyer provided to the State Bar of Montana. If service is made by registered or certified mail, service is deemed complete upon mailing.

(2) Service of Other Papers. Excepting the Complaint and Answer, ~~S~~service of ~~any~~ all~~any~~ other pleadings, papers or notices required by these Rules shall, unless otherwise provided by these Rules, be made in accordance with Rule 5, Montana Rules of Civil Procedure, and shall be filed with the Commission. The Commission shall maintain a docket record ~~keep a registry~~ of all documents filed with it ~~the Commission~~.

**C. Answer.**

(1) The lawyer shall furnish a copy of the Answer to the Commission at the time of filing with the Montana Supreme Court and service ~~is made~~ is made on Disciplinary Counsel.

(2) If the lawyer fails to file an Answer within the prescribed time, the allegations in the Complaint shall be deemed admitted. ~~An~~ and an Adjudicatory Panel to which the case has been assigned shall conduct a hearing to ~~may~~ make findings of fact, conclusions of law, and impose discipline the Commission is authorized to order or make a recommendation to the Supreme Court for discipline or other disposition of the case.

(3) Absent good cause and entry of an order by the Commission, an Answer may not include

13

motions under Rules 9, 11, 12, 13 or 14 of the Montana Rules of Civil Procedure.
(4)  Amended and supplemental pleadings before the Commission shall be governed by Rule 15, Montana Rules of Civil Procedure.

**D. Hearing, Findings, ~~and~~ Conclusions and Disposition or Recommendation.**

(1) If the lawyer files an Answer, the Commission shall consult with Disciplinary Counsel and counsel for the respondent lawyer or, if not represented, the respondent, to determine a hearing date before an Adjudicatory Panel. The Commission shall file and serve upon Disciplinary Counsel, the lawyer, and the lawyer's counsel, if any, a notice of hearing setting forth the date, time, and place of hearing, which notice shall be served upon said persons at least twenty days in advance thereof.  The lawyer is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence. The hearing shall be recorded.

~~(2) An Adjudicatory Panel may elect to hold a hearing notwithstanding the lawyer's failure to answer.~~
(2) In the conduct of a hearing, the Chairperson of an Adjudicatory Panel shall have authority to rule on all motions, objections, and other matters presented in connection with the hearing. Except as may otherwise be provided herein, and except as an Adjudicatory Panel Chairperson may determine in the interests of justice and fairness, hearings in ~~formal~~ disciplinary proceedings shall be conducted in accordance with the Montana Rules of Civil Procedure and the Montana Rules of Evidence.
(3) Following the hearing, an Adjudicatory Panel shall make findings of fact, conclusions of law and a recommendation to the Supreme Court for discipline or other disposition of the case.

**RULE 13 -Adjudicatory Hearings; Public Admonitions (-Abrogated)**

~~Following the filing of a formal complaint, an Adjudicatory Panel may determine to sanction a lawyer by the imposition of an admonition. The Adjudicatory Panel shall determine whether to impose the admonition publicly or privately after weighing, on a case-by-case basis, the lawyer's privacy interests and the public's right to know. The demands of the lawyer's individual privacy must clearly exceed the merits of public disclosure in order for an Adjudicatory Panel to impose a private admonition. An Adjudicatory Panel may do so, however, only after consulting Disciplinary Counsel and the lawyer subject to sanction, to apprise the interested parties of its reasoning for such decision and to allow for comment.~~
~~An Adjudicatory Panel's decision to close an adjudicatory hearing and/or impose an admonition, either publicly or privately, shall be final unless, within ten days of the Adjudicatory Panel's decision, the lawyer subject to sanction, Disciplinary Counsel, or a member of the public, files a petition with the Clerk of the Supreme Court asking the Court to review the Adjudicatory Panel's decision. The Court shall conduct an in camera review of the Adjudicatory Panel's decision in which it evaluates the lawyer's privacy interest and the public's right to know.~~
~~A private admonition should be imposed only in cases of minor misconduct, when there is little or no injury to the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer. A private admonition informs the lawyer that his or her conduct is unethical, but does not unnecessarily stigmatize a lawyer from whom the public needs~~

14

~~no protection.~~

**RULE 14 - Request for Review by <u>Grievant</u> ~~Complainant~~ of a Review Panel's Decision**

      **A. Dismissal of <u>Grievance</u> ~~complaint~~.**  Upon review of Disciplinary Counsel's dismissal of a <u>grievance</u> ~~complaint~~ pursuant to Rule 10C(3), if a Review Panel affirms the dismissal, <u>Disciplinary Counsel</u> ~~the Commission~~ shall notify the <u>grievant</u> ~~complainant~~ in writing that the <u>grievant</u> ~~complainant~~ may, within thirty ~~five~~ days of the date on which the notice was sent, request in writing to the <u>Supreme Court</u> ~~Commission~~, review of the disposition by the Supreme Court.

      **B. Review discretionary.** The Supreme Court may, in its sole discretion, review the Panel's disposition.

**RULE 15 - Ex Parte Communications Prohibited**

      Disciplinary Counsel<u>, Disciplinary Counsel staff,</u> ~~and~~ and members of Review <u>or</u> ~~Panels,~~ Adjudicatory Panels, the Commission, <u>Commission staff,</u> and the Supreme Court shall not communicate ex parte <u>between or</u> among themselves or with others regarding the merits of a pending or impending investigation or a disciplinary proceeding
except as permitted by the Rules for Lawyer Disciplinary Enforcement.  Communications for purposes of scheduling, administration, and procedural matters shall not be prohibited but shall be conducted to assure fairness to all parties.

      <u>In the event a Commission member is a potential or an actual witness in a matter to come before the Commission, this Rule does not prevent such person from cooperating with the Office of Disciplinary Counsel and the Respondent in their investigation, prosecution and defense of any claimed ethical violations.</u>

**RULE 16 - Review by the Supreme Court After Contested Case Hearing**

      After service of a copy of the Commission's findings of fact, conclusions of law, and recommendation, a party shall have thirty days from date of service within which to file with the Court objections to the findings of fact, conclusions of law, and recommendation. The objecting party shall serve upon the opposing party a copy of any such objections. The opposing party shall have thirty days after date of service of such objections within which to file with the Court a written brief in opposition to such objections. A copy of such brief shall be served upon the objecting party. The Court may, in its discretion, set the matter for oral argument.  In the event objections are not filed, the matter shall be deemed submitted at the expiration of the time for filing objections. The Supreme Court shall consider the matter, issue its written decision, and impose such discipline, if any, as it considers appropriate.

**RULE 17 <u>– Privileged Communications and</u> Immunity**
~~From Civil Suit~~.
<u>**A.** ~~**From Civil Suit**~~**Privileged Communications**</u>. <u>Communications or grievances ~~complaints~~, oral or written to, or from, the Commission and Office of Disciplinary Counsel, and testimony given in the proceedings, are privilege</u>d. ~~and no~~ <u>E</u>vidence thereof is <u>in</u>admissible in any lawsuit against any <u>grievant</u> ~~complainant~~, witness, Commission member, Commission staff, Disciplinary

Counsel, Office of Disciplinary Counsel staff, investigator, special counsel, or other person employed or retained by the Office of Disciplinary Counsel. Waiver, if any, of such privilege by voluntary disclosure by a grievant complainant or witness shall be determined under Rule 503, Montana Rules of Evidence.

**B. Immunity from Civil Suit**.  Members of the Commission, Commission staff, Disciplinary Counsel, Office of Disciplinary staff, investigators, special counsel, any other person employed or retained by the Commission or the Office of Disciplinary Counsel to represent it in Commission matters, staff members, and persons acting for the Commission or the Office of Disciplinary Counsel shall be immune from suit for any conduct undertaken in good faith in the course of their official duties under these Rules. All of said persons are deemed officers and/or agents of the Court for all purposes mentioned in these Rules.

B. From Criminal Prosecution.

**CB. Immunity Ffrom Criminal Prosecution.** Upon application of Disciplinary Counsel or the Commission and after reasonable notice to and written consent from the appropriate county attorney(s), the Supreme Court may order that a witness cannot be prosecuted or subjected to any penalty or forfeiture other than a prosecution or action for perjury or contempt, for or on account of any transaction, matter, or thing concerning which the witness testified or produced in a lawyer disciplinary proceeding.

**RULE 18 - Service (Abrogated)**

**RULE 19 - Oaths, Subpoena Power and Discovery**

**A. Oaths.** Any member of the Commission or other person authorized by law may administer oaths and affirmations in matters pending before the Commission, but subpoenas may only be issued on approval of the chairperson of the Commission or the Chair of an Adjudicatory Panel.

**B. Investigative Subpoenas.**
(1) Before a formal Complaint has been filed, the chairperson of the Commission or of an Adjudicatory Panel may cause subpoenas to be issued commanding the persons to whom they are directed to produce books, records, papers, documents, and other objects as may be necessary and proper to the
investigation.
(2) An investigative subpoena may be issued upon the affidavit of Disciplinary Counsel showing good cause to believe that:
(a) the lawyer who is the subject of the investigation, or the person from whom information is sought, has failed to cooperate with Disciplinary Counsel's request for information in connection with that investigation;
(b) a violation of the Rules of Professional Conduct or these Rules has been committed; and
(c) the information relative to the commission of that violation is in the possession of the person or institution to whom the subpoena is directed.
(3) The lawyer who is the subject of the investigation need not be given advance notice of

16

the investigative subpoena. Upon execution of the investigative subpoena and return of service, Disciplinary Counsel shall provide a copy of the investigative subpoena to the lawyer who is the subject of the investigation.

**C. Subpoenas for Deposition or Hearing.** After ~~formal charges are~~ a Complaint~~charges are~~ has been filed, any member of the Commission may, at the request of Disciplinary Counsel or the lawyer, compel, by subpoena or order, the attendance of witnesses and the production of pertinent books, papers, and documents. A copy of the subpoena must be served on the opposing party at the time return of service is filed with the Commission.

**D. Enforcement of Subpoenas.** Any person subpoenaed or ordered to appear and give testimony, or to produce pertinent books, papers, or documents, who fails or refuses to appear or to produce such books, papers, or documents, or any person having been sworn to testify, who refuses to answer any proper questions, may, upon request of ~~the Commission or~~ the Office of Disciplinary Counsel or upon determination by the Chairperson, be cited for contempt ~~of the Supreme Court~~. ~~The Commission or the Office of Disciplinary Counsel shall report to the Court the facts relating to any such contempt. Thereupon, proceedings before the Supreme Court shall be had as in cases of other contempts.~~ The Supreme Court may, upon proper application, also enforce the attendance of any witness and the production of any documents subpoenaed as well as hear proceedings based upon a contempt citation.

**E. Subpoena Pursuant to Law of Another Jurisdiction.** Whenever a subpoena is sought in Montana pursuant to the law of another jurisdiction for use in lawyer discipline or disability proceedings or investigations, and where the issuance of the subpoena has been duly approved under the law of the other jurisdiction, the chairperson of the Commission, upon request of Disciplinary Counsel (in a case where the request is by the disciplinary authority of the foreign jurisdiction) or an attorney admitted to practice in this jurisdiction (in a case where the request is by a respondent in a proceeding in the foreign jurisdiction), may issue a subpoena as provided in this section to compel the attendance of witnesses and production of documents in the county where the witness resides or is employed or elsewhere as agreed by the witness. Service, enforcement, or challenges to this subpoena shall be as provided in these rules.

**F. Challenging Subpoena.** Any challenge to the validity of a subpoena issued under this Rule shall be heard and determined by the chairperson of the Commission or, in his or her absence, the vice-chairperson or executive secretary, subject to review by the Supreme Court, at the request of Disciplinary Counsel or the lawyer. Upon a determination that an investigative subpoena issued under subsection B of this Rule was improper or overly broad, any information improperly obtained through the subpoena must not be used as evidence in any disciplinary proceeding against the lawyer who is the subject of the investigation unless such evidence is otherwise lawfully obtained.

**G. Discovery.** Disciplinary Counsel and the lawyer shall be afforded reciprocal discovery. Disputes concerning the scope and other aspects of discovery shall be determined by the chairperson, or in his or her absence the vice-chairperson, of the Adjudicatory Panel.

**H. Witnesses and Fees.** Witness fees and mileage shall be the same as provided by law for

17

witnesses in civil actions in the District Courts of the State of Montana.

**RULE 20 - Access to Disciplinary Information**

**A. Confidentiality.** All disciplinary information provided to the Office of Disciplinary Counsel and proceedings before the Commission on Practice prior to the filing of a ~~formal~~ cComplaint with the Clerk of the Supreme Court shall be confidential, except that Disciplinary Counsel may disclose information if:

(1) The respondent has waived confidentiality;

(2) The proceeding is based upon allegations that include either the conviction of a crime or reciprocal discipline;

(3) The proceeding is based upon allegations that have become generally known to the public;

(4) There is a need to notify another person or organization, including the Lawyers Fund for Client Protection Board, the Commission on Character and Fitness, other lawyer disciplinary agencies, law enforcement agencies, and the Lawyer's Assistance Program, in order to protect the public, the administration of justice, or the legal profession, unless Disciplinary Counsel reasonably determines that disclosure would hinder an ongoing investigation or prosecution, infringe upon the privacy interests of a reporting or other third party, or constitute an unduly broad or burdensome request; or,

(5) There is a need to disclose information to third parties while investigating a grievance ~~complaint~~.

**B. Public Information.** Upon the filing of a ~~formal~~ cComplaint with the Clerk of the Supreme Court in a disciplinary matter, or upon the filing with the Clerk of the Supreme Court of a petition for reinstatement, the proceedings before the Commission and pleadings and other documents filed with the Clerk or Commission shall be public except for:

(1) Deliberations and minutes of the Commission;

(2) Information or proceedings with respect to which an Adjudicatory Panel or Supreme Court has issued a protective order;

(3) Conditional admissions and affidavits of consent submitted pursuant to Rule 26 of these Rules until, and if, approved by the Court or, if applicable, an Adjudicatory Panel, and public discipline is imposed; and

(4) Hearings conducted pursuant to Rule 26 of these Rules.

**C. Admissibility in Other Proceedings.** The conclusions, opinions, and recommendations of Disciplinary Counsel or any investigator or special counsel acting on behalf of the Office of Disciplinary Counsel while acting in those capacities are not relevant or admissible for any purpose in any quasi-judicial or judicial forum, exclusive of the Commission on Practice and the Montana Supreme Court in a disciplinary action.

**RULE 21 - Dissemination of Disciplinary Information**

**Notice of Discipline Imposed.** The Clerk of the Supreme Court shall cause copies of orders and notices of transfer to disability/inactive status, public admonition or censure, suspension, disbarment, and reinstatement to be given to the Clerks of all of the District Courts of the State

of Montana, all of the District Judges of the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, the Chairperson of the Commission, and the Executive Director of the State Bar of Montana, or as the Supreme Court otherwise may direct.

**RULE 22 - Additional Rules of Procedure**

**A. Proceedings Governed by Rules of Civil Procedure.** Except as otherwise inconsistent with these rules, the Rules of Civil Procedure of the State of Montana apply in disciplinary cases.

**B. Standard of Proof.** Allegations in a ~~formal~~ Complaint and grounds for reinstatement shall be established by clear and convincing evidence.

**C. Burden of Proof.** The burden of proof in ~~formal~~ proceedings seeking discipline is on Disciplinary Counsel. The burden of proof in reinstatement proceedings is on the person seeking reinstatement.

**D. Availability of Hearing Transcript.** A copy of the record of a public hearing shall be made available to any person ~~to the lawyer~~ at his or her expense on request made to the Commission.

**E. Related Pending Litigation.** After the filing of a ~~formal~~ Complaint, disciplinary proceedings shall not be delayed because of substantial similarity to the material allegations of pending criminal or civil litigation.  The chairperson of an Adjudicatory Panel in his or her discretion may, upon request of a party, authorize a stay for good cause shown, but only after notice and opportunity to be heard.

**F. Delay Caused by Grievant ~~Complainant~~.** Neither withdrawal of an informal grievance ~~complaint~~ by a grievant ~~complainant~~, nor a settlement, nor a compromise between the grievant ~~complainant~~ and the lawyer, nor restitution by the lawyer shall, in itself, justify abatement of the processing of any grievance ~~complaint~~.

**G. Effect of Time Limitations.** Except as is otherwise provided in these rules, time is directory and not jurisdictional. Failure to observe prescribed time intervals may result in sanctions against the violator but does not justify abatement of any disciplinary investigation or proceeding.

**H. Grievances ~~Complaints~~ Against Commission Members.** Allegations of grounds for discipline against lawyer members of the Commission shall be processed in the same manner as allegations against nonmembers of the Commission; provided, however, that the Commission member against whom such allegations are made shall be disqualified from participating in any manner as a Commission member with respect to that matter.

**I. Dismissed Grievances ~~Complaints~~.**  A~~n~~ grievance ~~informal complaint~~ that has been dismissed, or upon which no disciplinary action is taken or recommended, shall be expunged from Commission and Disciplinary Counsel records and, for all purposes, shall be considered as null, void and nonexistent.

**RULE 23 - Lawyers Convicted of a Criminal Offense**

**A. Transmittal of Certificate of Conviction.** The clerk or other official of any court in this state in which a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been convicted of a criminal offense shall, within thirty days of the date of conviction, transmit a certificate of conviction to the Supreme Court, Disciplinary Counsel, and the Commission on Practice.

**B. Procedure on Receipt of Certificate of Conviction.** Upon receipt of the certificate of conviction, the Supreme Court, either on its own motion or on that of Disciplinary Counsel, shall determine whether the criminal offense is one which affects the lawyer's ability to practice law. If the Court determines that the lawyer was found guilty of a criminal offense that affects the lawyer's ability to practice law, the Supreme Court shall enter an order immediately suspending the lawyer from the practice of law pending final disposition of a disciplinary proceeding predicated upon the conviction. The Supreme Court shall in the same order direct Disciplinary Counsel to prepare and file a ~~formal c~~Complaint against the lawyer predicated upon the conviction. If the criminal offense does not involve the lawyer's ability to practice law, the Supreme Court shall enter an order to that effect and, thereafter, the matter shall be processed like any other information coming to the attention of the Commission. The Court need not give notice to the lawyer, nor shall a hearing be required prior to its determination of whether the criminal offense of which the lawyer was convicted was one which affects the lawyer's ability to practice law, nor shall a hearing be required prior to the Supreme Court's entering an interim order of suspension. A copy of any order entered pursuant to this Rule shall be served upon the lawyer, Disciplinary Counsel, and the Commission. Upon good cause shown, the Court may in the interest of justice set aside or modify the interim suspension; however, the interim suspension may not be set aside solely by reason of a pending appeal of the conviction to the Supreme Court, to another tribunal, or because of a motion for ~~an appeal by~~ a new trial ~~de novo~~.

**C. ~~Formal~~ Proceedings After a Conviction.** The sole issue to be determined in the ~~formal~~ disciplinary proceedings conducted after a lawyer is convicted of a criminal offense which affects the lawyer's ability to practice law shall be the extent of the final discipline to be imposed, provided that a disciplinary proceeding so instituted will not be brought to hearing until all appeals from the conviction are concluded unless the lawyer requests that the matter not be deferred.

**D. Certificate of Conviction Conclusive.** A certificate of conviction of a lawyer for a criminal offense shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the lawyer based upon the conviction.

**E. Automatic Reinstatement From Interim Suspension Upon Reversal of Conviction.** If a lawyer suspended solely under the provisions of paragraph B above demonstrates that the underlying conviction has been reversed or vacated, the order for interim suspension shall be vacated
and the lawyer placed on active status. The vacating of the interim suspension will not automatically terminate any ~~formal~~ proceeding then pending against the lawyer, the disposition of which shall be determined by the Adjudicatory Panel on the basis of the available evidence.

F. Notice to Clients and Others on Interim Suspension. An interim suspension order entered pursuant to this Rule shall constitute a suspension of the lawyer for purposes of Rule 21.

**RULE 24 - Failure to Respond to the Office of Disciplinary Counsel or the Commission**

If a lawyer subject to the jurisdiction of the Supreme Court ~~Commission~~ should fail or refuse to promptly and fully respond to a grievance ~~complaint~~ or other inquiry communicated to such lawyer in writing by the Office of Disciplinary Counsel or the Adjudicatory or Review Panel before which the matter is pending, the Panel, in addition to other proceedings authorized by these Rules, may direct such lawyer to appear before the Panel and show cause why appropriate discipline or sanction should not be imposed for failure to respond or cooperate. If the matter is pending before a Review Panel, and the lawyer fails to show good cause, the Review Panel shall refer the matter to an Adjudicatory Panel. Notice of such show cause hearing shall be served upon the lawyer and provided to the Office of Disciplinary Counsel at least twenty days prior to the hearing. If at such hearing the lawyer shall fail to respond or show a just or reasonable cause for not responding, then in addition to the disciplines and sanctions otherwise provided by these Rules, the Adjudicatory Panel may, upon determination of its appropriateness, recommend to the Supreme Court the immediate interim suspension of such lawyer for a period not to exceed thirty days~~,~~ or recommend ~~such~~ other interim discipline~~earlier date as the attorney shall fully respond to and cooperate with the Disciplinary Counsel and the Commission on Practice~~.

**RULE 25. CONDUCT CONSTITUTING THREAT OF HARM TO CLIENTS OR THE PUBLIC**

**A. Petition for Interim Suspension.** Upon receipt of evidence constituting probable cause that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has committed a violation of the Rules of Professional Conduct or is incapacitated and, in either case, poses a substantial threat of serious harm to clients or the public, Disciplinary Counsel may file a petition with the Supreme Court to have the lawyer suspended pending proceedings. The clerk shall send the lawyer a copy of the petition to his or her last known address.

**B. Interim Suspension.** Upon review of the petition, the Supreme Court may either deny the petition or direct the lawyer to show good cause, if any, why the lawyer should not be suspended during the pendency of either criminal proceedings or disciplinary proceedings. After providing the lawyer with the opportunity to be heard, the Court may enter an order suspending the lawyer from the practice of law, or may order such other action as it deems appropriate.

**C. Notice to Clients**. A lawyer suspended pursuant to this Rule shall comply with the notice requirements of Rules 30 and 32.

**RULE 26 - Discipline by Consent**

**A.** **Adjudicatory Panel Approval of Tendered Admission.** A lawyer against whom a Complaint has been filed may tender to the Office of Disciplinary Counsel within the time set by scheduling order a conditional admission to the Complaint, addressing all of the alleged rule violations in the Complaint, in exchange for a stated form of discipline. If accepted by the Office of Disciplinary Counsel, the conditional admission shall be filed and an Adjudicatory Panel shall determine whether to approve or reject it. In the event the tendered admission is not accepted by the Office of Disciplinary Counsel and the Commission, an adjudicatory hearing will be set at the next regular or special hearings session of the Commission.

When a tendered conditional admission is submitted to an Adjudicatory Panel, the tendered conditional admission shall remain confidential until the Montana Supreme Court issues an order approving or modifying an Adjudicatory Panel's recommendation.

A lawyer against whom formal disciplinary proceedings have been filed may tender a conditional admission to the cComplaint or to particular allegations therein in exchange for a stated form of discipline. The tendered admission shall be submitted to an Adjudicatory Panel. An Adjudicatory Panel may refer the tendered admission to the Disciplinary Counsel for recommendations.

The Adjudicatory Panel may either approve or reject the tendered admission. The Adjudicatory Panel may hold a private hearing for the purpose of obtaining information to aid the Adjudicatory Panel in determining whether to approve or reject the tendered admission. If the tendered admission is approved by the Adjudicatory Panel, such approval shall be final if the stated form of discipline is a an letter of caution, an public admonition, probation imposed by an Adjudicatory Panel as provided in Rule 9C of these Rules, or any combination of these forms of disciplineboth, with or without imposition of costs of the proceeding; but, in all other instances, the tendered admission shall be subject to approval or rejection by the Supreme Court. If the tendered admission is rejected by either the Adjudicatory Panel or the Supreme Court, the admission shall be deemed withdrawn and cannot be used against the lawyer in any subsequent proceedings.

**B. Affidavit of Consent.** A tendered admission shall include an affidavit stating the lawyer's consent to the discipline and that:

(1) The lawyer's consent is freely and voluntarily tendered, and that the lawyer is not being subjected to coercion or duress, and that the lawyer is fully aware of the implications of submitting the consent;

(2) The lawyer is aware that there has been a Complaint formal charge filed against the lawyer, the nature of which the lawyer shall specifically set forth; and

(3) The lawyer acknowledges that the material facts so alleged are true or the lawyer submits his or her consent because he or she knows that if the case proceeded to a formal hearing, he or she could not successfully defend himself or herself.

The final order of discipline shall be predicated upon the formal cComplaint, the conditional admission, the affidavit, and such other information and evidence to which the Disciplinary Counsel and the lawyer may have stipulated, or which may have been elicited at a private hearing referred to in Rule 26A.

**C. Order of Discipline.** If the discipline by consent is a form of discipline that may be imposed by the Adjudicatory Panel, the Adjudicatory Panel shall enter the order. In all other instances in which the proposed discipline has been approved, the Supreme Court shall enter the order. The order of discipline by consent shall be filed with the Clerk of the Supreme Court, and a copy thereof shall be served upon the lawyer, the lawyer's counsel, the Commission, Disciplinary Counsel, and the grievant complainant.

**D. Confidentiality.** All tendered admission proceedings prior to entry of a consent discipline order shall be confidential and subject to the provisions of Rule 20 of these Rules. Upon entry of an order imposing public discipline, the conditional admission and affidavit of consent shall be filed with the Clerk of the Supreme Court and made public.

**RULE 27 - Reciprocal Discipline and Reciprocal Disability Inactive Status**

**A. Office of Disciplinary Counsel to Obtain Order of Discipline or Disability/Inactive Status from Other Jurisdiction.** Upon being disciplined or transferred to disability/inactive status in another jurisdiction, a lawyer admitted to practice in Montana shall promptly inform the Office of Disciplinary Counsel of such action. Upon notification that a lawyer subject to the disciplinary jurisdiction of the Supreme Court has been disciplined or transferred to disability/inactive status in another jurisdiction, Disciplinary Counsel shall file a petition, attaching a certified copy of the order, with the Supreme Court.

**B. Notice Served Upon the Lawyer.** Upon receipt of Disciplinary Counsel's petition, the Court shall issue an order directing the lawyer to inform the Court, within thirty days from the date of service, of any claim by the lawyer predicated upon the grounds set forth in paragraph D of this rule, that the imposition of the identical discipline or transfer to disability/inactive status in the state of Montana would be unwarranted and the reasons therefor. A copy of the order from the other jurisdiction shall be attached to the order.

**C. Effect of Stay of Discipline in Other Jurisdiction.** In the event the discipline imposed in another jurisdiction has been stayed, any reciprocal discipline imposed in Montana may be deferred until the stay expires.

**D. Discipline to be Imposed or Transfer to Disability/Inactive Status.** Upon expiration of thirty days from service of the order pursuant to the provisions of paragraph B of this rule, the Supreme Court shall impose the identical discipline or transfer to disability/inactive status unless the lawyer demonstrates, or the Court finds that upon the face of the record from which the discipline was predicated it clearly appears that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the

clear conviction that the Supreme Court could not, consistent with its duty, accept as final the conclusion on that subject;

(3) The imposition of the same discipline by the Supreme Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the state of Montana.

If the Supreme Court determines that any of those elements exists, it shall enter such other order as it deems appropriate.

**E. Conclusiveness of Adjudication in Other Jurisdiction.** In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct or transferred to disability/inactive status shall establish conclusively the misconduct or disability for purposes of proceedings in Montana.

**RULE 28 - Disability/Inactive Status**

**A. Automatic Transfer to Disability/Inactive Status.** The Supreme Court shall enter an order immediately transferring a lawyer to disability/inactive status upon receipt of a certified copy of a judgment, order, or other appropriate document demonstrating that the lawyer:

(1) Was found to be incapable of assisting in his or her own defense in a criminal action;

(2) Was acquitted of a crime based on mental disease or defect;

(3) Had a guardian or conservator appointed, but not a temporary guardian or conservator, for his or her person or estate on a judicial finding of incapacity; or,

(4) Was involuntarily committed to a mental health facility.

A copy of the order shall be served, in the manner the Court may direct, upon the lawyer, his or her guardian, or the director of the institution to which the lawyer has been committed.

**B. Assertion of Inability to Assist in Defense.** If, during the course of a disciplinary investigation or proceeding, a lawyer alleges an inability to assist in his or her defense due to mental or physical incapacity, Disciplinary Counsel shall notify the Court. The Court shall immediately transfer the lawyer to disability/inactive status until further order of the Court.

**C. Notice of Transfer.** Unless otherwise ordered by the Court, notice of transfer to disability/inactive status shall be given to those persons and in the manner provided in Rule 30. All orders transferring a lawyer to or from disability/inactive status are public.

**D. Term of Disability/Inactive Status.** Transfer to disability/inactive status, unless otherwise specified by order, shall be for an indefinite period and may include such terms and conditions for transfer to active status as may be appropriate.

**E. Stay of Disciplinary Proceedings.** Pending disciplinary proceedings shall be deferred during the period a lawyer is on disability/inactive status.

Such proceedings shall be heard and disposed of as provided in these rules upon reinstatement of the lawyer to active status.

**F. Reinstatement to Active Status.**
(1) A lawyer transferred to disability/inactive status may petition for transfer to active status after six months or such other time period specified in the order of transfer, or in subsequent orders.
(2) Upon receipt of a petition for transfer to active status, the Adjudicatory Panel shall schedule a hearing on the petition as soon as practicable. Proceedings for transfer to active status shall be conducted in the same manner as ~~formal~~ proceedings pursuant to Rule 29. Upon motion by Disciplinary Counsel, the chairperson of the Adjudicatory Panel may order examination of the lawyer by qualified experts.
(3)A lawyer transferred to disability/inactive status based on an assertion of an inability to assist in his or her defense of disciplinary proceedings due to mental or physical incapacity must show by clear and convincing evidence the lawyer did in fact suffer from a condition that prevented the lawyer from assisting in his or her defense and that the lawyer can now assist in his or her defense.
(4) Except as otherwise provided in these Rules, any other petition for transfer to active status shall be granted upon a showing by clear and convincing evidence that the disability has been removed.
(5)A lawyer previously judicially declared incompetent may petition for immediate transfer to active status, without hearing, upon proof of judicial declaration of competency by a court of competent jurisdiction.

## RULE 29 - Reinstatement Following Discipline

**A. After Suspension of Six Months or Less.** A lawyer suspended for no more than six months may resume practice at the end of the period of suspension by filing with the Court, and serving upon the Administrative Officer of the Commission, and Disciplinary Counsel, an affidavit stating that the lawyer has fully complied with the requirements of the suspension order, and has paid any required fees and costs ordered by the Court.

**B. After Disbarment or Suspension for More Than Six Months.** Subject to the limitations set forth in Rule 29C, any lawyer who shall have been disbarred or who shall have been suspended indefinitely or for more than six months may, by verified petition, apply for:
  (1) An order of reinstatement;
  (2) An order shortening the term of a fixed period of suspension; or
  (3) An order modifying an order of indefinite period of suspension by fixing a definite period of suspension.
  The petition shall bear the case number and caption appearing in the order of discipline. An original and seven copies shall be filed with the Clerk of the Supreme Court. The lawyer shall serve a copy of the petition on the Commission and on Disciplinary Counsel. The petition shall set forth the facts that the lawyer contends show that he or she has rehabilitated himself or herself, and that he or she is entitled to have the order of discipline vacated, terminated, or modified.

**C. Time for Filing Petition.**
(1) A lawyer suspended from practice may not petition for reinstatement earlier than ninety days prior to the end of the period of the fixed term or minimum fixed term of the suspension.

(2) A lawyer serving an indefinite suspension beyond the minimum fixed term may petition for reinstatement at any time.

(3) A disbarred lawyer may not petition for reinstatement until five years after the effective date of disbarment.

**D. Hearing and Notice on Application.** Upon receipt of a petition, the Commission shall, within ninety days after receipt of such petition, or such later date as may be mutually agreed upon by petitioner and the Commission, schedule an Adjudicatory Panel hearing on the petition. The petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she meets the following criteria, or, if not, has presented good and sufficient reason why he or she should nevertheless be reinstated:

(1) The lawyer has fully complied with the terms of all prior disciplinary orders;

(2) The lawyer has not engaged nor attempted to engage in the unauthorized practice of law;

(3) If the lawyer was suffering under a physical or mental disability or infirmity at the time of suspension, including alcohol or other drug abuse, the disability or infirmity has been removed, and where alcohol or other drug abuse was a causative factor in the lawyer's misconduct, the lawyer:

(a) has pursued appropriate rehabilitative treatment; and

(b) has abstained from the use of alcohol or other drugs for at least one year, and is likely to continue to abstain from alcohol or other drugs;

(4) The lawyer recognizes the wrongfulness and seriousness of the misconduct;

(5) The lawyer has not engaged in any other professional misconduct since suspension;

(6) The lawyer has the requisite honesty and integrity to practice law; and

(7) The lawyer has kept informed about recent developments in the law and is competent to practice.

The proceedings before the Adjudicatory Panel relating to such petition shall be governed by the applicable provisions of these rules governing hearings in disciplinary proceedings including Rule 20 concerning confidentiality, unless otherwise provided herein or unless otherwise ordered by the Court.

Notice of such hearing shall be given to the public in such manner and to such extent as the Adjudicatory Panel deems appropriate in each case. In any event, notice of such application or petition shall be given to the Supreme Court, all of the Judges of the District Courts of the State of Montana, all of the Federal District Judges of the District of Montana, and the Executive Director of the State Bar of Montana. The notice of hearing shall set forth that any interested person may testify at the hearing.

Disciplinary Counsel may investigate the contentions set forth in the petition for reinstatement and present relevant evidence at the hearing.

**E. Deposit for Cost of Proceeding.** Upon receipt of a petition for reinstatement, an Adjudicatory Panel, before proceeding further, may require the petitioner to deposit with the Commission an amount deemed reasonable by the Commission to cover anticipated costs of the reinstatement proceedings.

**F. Recommendation of Commission and Action by Court.** The Adjudicatory Panel shall make a written recommendation to the Supreme Court on the petition for reinstatement, including the

imposition of such conditions to reinstatement as it deems appropriate to protect the public interest. Thereupon the Supreme Court shall, in the exercise of its discretion, take such action as it deems advisable.

## RULE 30 - Notice to Clients and Others

**A. Recipients of Notice and Contents of Notice.** Unless otherwise ordered by the Adjudicatory Panel or the Supreme Court, within ten days after the date of the order of the Court imposing the discipline of disbarment or suspension, the lawyer shall notify or cause to be notified by registered or certified mail, return receipt requested:

(1) All clients being represented in pending matters;

(2) Any co-counsel in pending matters;

(3) Any opposing counsel in pending matters or, in the absence of such counsel, the adverse parties, that the Court has ordered the disbarment or suspension of the lawyer and that the lawyer is therefore disqualified to act as a lawyer after the effective date of the order; and

(4) any court in which the respondent attorney appears as counsel of record in any pending matter in compliance with Uniform District Court Rule 10 (and any corresponding Local Rule), as well as § 37-61-403, MCA.

**B. Notice to Clients of Lawyers Who Are Disbarred or Suspended.**

The lawyer shall deliver to all clients being represented in pending matters any papers or other property to which they are entitled and shall notify them and any counsel representing them of a suitable time and place where the papers and other property may be obtained, calling attention to any urgency for obtaining the papers or other property.

**C. Notification to Court.** In the event the client does not obtain another lawyer before the effective date of the disbarment or suspension, it shall be the responsibility of the lawyer to notify in writing the judge of the court having jurisdiction of the pending matter of the circumstances.

## RULE 31 - Effective Date of Order, Winding Up of Affairs

Orders imposing discipline shall be effective immediately upon entry, unless the Adjudicatory Panel or the Supreme Court specifies otherwise in the order. The lawyer, after entry of a disbarment or suspension order, shall not engage as a lawyer for any new case or legal matter of any nature. The lawyer shall refund any part of any fees paid in advance which have not been earned.

## RULE 32 - Affidavit Filed with Court

Within twenty days after the effective date of the disbarment or suspension order, the lawyer shall file with the Supreme Court, the Adjudicatory Panel, and the Disciplinary Counsel an affidavit showing:

(1) The lawyer has fully complied with the provisions of the order and with these Rules;

(2) A list of all other state, federal, and administrative jurisdictions to which the lawyer is

admitted to practice; and

      (3) The lawyer's residence or other addresses where communications may thereafter be directed to him or her.

**RULE 33 - Appointment of Trustee to Protect Clients' Interest**

**A. Appointment of Trustee.** If a lawyer has been disbarred or suspended, or is deceased, disabled or missing, and there is reasonable cause to believe it is necessary to protect the interests of a lawyer's clients, and no partner, personal representative, or other responsible party capable of conducting the lawyer's affairs is known to exist, a district judge in the judicial district in which the lawyer maintained his or her practice shall appoint an attorney or attorneys, including attorneys on inactive or senior status, as trustee over the lawyer's practice.

**B. Terminology.**

(1) "Disabled" means that a lawyer has a physical or mental condition resulting from accident, injury, disease, chemical dependency, mental health problems, or age that significantly impairs the lawyer's ability to practice law. The term includes, but is not limited to, a lawyer who has been transferred to disability/inactive status.

(2) "Missing" means that a lawyer is unavailable or unwilling to attend to the needs of his or her client(s) for a period beyond what is reasonable and customary to the practice of law and/or by conduct has demonstrated that he or she is unlikely to properly discharge his or her professional duties in the future.

**C. Procedure.** The Office of Disciplinary Counsel shall file an ex parte verified petition, which may be based on hearsay, requesting the appointment of a trustee with the clerk of the district court for any county in the judicial district in which the lawyer maintained his or her practice. The petition may be filed without notice. The clerk shall send the lawyer a copy of the petition at his or her last known address. If a district judge in the judicial district in which the lawyer maintained his or her practice is unavailable, any district judge may consider the petition. The court may grant or deny the petition without a hearing. All orders issued by a district judge pursuant to this rule shall be served upon the lawyer at his or her last known address.

**D. Duties and Powers of Trustee.** Upon appointment, the trustee shall take reasonable measures to protect the interests of the lawyer's clients. Such measures may include, but are not limited to, the following:

      (1) Take possession of and examine the files and records of the law practice and obtain information as to any pending matters which may require attention;

      (2) Provide notice to the lawyer's active clients of the lawyer's status;

      (3) Provide a client with his or her file on request;

      (4) With leave of the court, destroy any inactive or closed files;

      (5) With leave of the court, access and take possession of the lawyer's operating and trust bank accounts and, upon approval of the court, refund any unearned fees or funds belonging to third persons;

      (6) Make appropriate distribution, upon approval of the court, of any other assets in the lawyer's possession belonging to the lawyer, clients, or third persons;

(7) Notify persons and entities who appear to be clients of the lawyer that it may be in their best interest to obtain replacement counsel and advise them, when appropriate, of any statute of limitations;

(8) Apply for stays and extensions of time pending employment of replacement counsel by a client;

(9) Make referrals to replacement counsel with the agreement of a client or accept representation of a client with the agreement of the client;

(10) Retain the services of other professionals and third parties when necessary to perform the trustee's duties; and,

(11) Obtain further court orders or other relief necessary to perform the trustee's duties.

**E. Review of Court Orders.** Within 30 days from the filing of any order issued pursuant to this rule, the lawyer or someone on his or her behalf, a client or former client, or any other interested person may file a written request that the court reconsider its order de novo. Within 30 days of the filing of the court's decision reconsidering its order, the trustee, the lawyer or someone on his or her behalf, a client or former client, or any other interested person may file a petition requesting review of the decision with the Supreme Court.

**F. Protection of Client Information.** A trustee shall not be permitted to disclose any information contained in any client file without the consent of the client to whom the file relates, except as necessary to carry out the trustee's duties.

**G. Expenses.** Any fees and expenses associated with the appointment of a trustee shall be paid by the Office of Disciplinary Counsel. The Office of Disciplinary Counsel may negotiate the fees and expenses for which it will be responsible prior to the attorney's appointment as trustee. The Office of Disciplinary Counsel shall be entitled to reimbursement from the lawyer for whom the trustee is appointed.

**H. Final Report.** When the purposes of the trusteeship have been accomplished with respect to the lawyer's law practice, the trustee shall file a final report and an accounting of all funds and property coming into the custody of the attorney trustee. The trustee shall serve a copy of the final report on the Office of Disciplinary Counsel and upon the attorney at his or her last known address. Upon the filing of the final report, the trustee is discharged from further duties, subject to further order of the court.

**I. Immunity.** A trustee shall be immune from suit for any conduct undertaken in good faith in the course of performing his or her duties. This immunity shall not extend to any matter in which a trustee has assumed representation of a client as an attorney.

**RULE 34 - Verification of Bank Accounts**

Whenever Disciplinary Counsel has probable cause to believe that the bank accounts of a lawyer that contain, should contain, or have contained funds belonging to clients, have not been properly maintained or that the funds have not been properly handled, the Disciplinary Counsel may initiate an investigation for the purpose of verifying the accuracy and integrity of all bank accounts maintained by the lawyer, and an investigator may be appointed by Disciplinary

29

Counsel for that purpose.

Investigations, examinations, and verifications shall be conducted so as to preserve the private and confidential nature of the lawyer's records insofar as is consistent with these Rules and the attorney-client privilege, provided, however, that all investigatory materials may be provided to, or exchanged with, the State Bar of Montana, Lawyers' Fund for Client Protection.

## RULE 35 - Effective Date

These rules are effective _____, 2020~~January 1, 2011~~, provided, however, that any matter then pending shall be concluded under the rules~~procedure~~ existing on the date the Complaint was filed ~~prior to the effective date of these Rules~~.

~~Amended April 2, 2013~~
~~Amended October 13, 2015~~
~~Effective January 1, 2016~~
~~Effective _____, 2020~~